IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 05-cv-01531-OES

OCT 3 – 2005

MARVIN G. WILSON,

GREGORY C. LANGHAM
CLERK

      Plaintiff,

v.

DENVER COUNTY SHERIFF'S DEPT. FRED OLIVA,
DENVER COUNTY SHERIFF'S MANAGER OF SAFETY, and
DENVER COUNTY SHERIFF'S OFFICE MEDICAL,

      Defendants.

---

## ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Marvin G. Wilson, Jr., currently is incarcerated at the Denver County Jail. He has filed *pro se* a prisoner complaint that appears to be filed pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993). However, Mr. Wilson fails to allege jurisdiction for his claims because he fails to include page three of the Court-approved prisoner complaint form, which requests the basis for jurisdiction. He asks for money damages as relief.

The Court must construe the complaint liberally because Mr. Wilson is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Wilson will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the Denver County Jail's

administrative grievance procedure.

The Court has reviewed Mr. Wilson's complaint and has determined that it is deficient. Mr. Wilson asserts three claims that arise from his incarceration at the Denver County Jail. As his first claim, he alleges that the conditions of his confinement, i.e., lack of cleaning supplies and substandard food treatment and delivery, violate the Eighth Amendment prohibition against cruel and unusual punishment. As his second claim, he contends that he was attacked from behind with a knife by a co-inmate, resulting in serious bodily injury, and that Defendants failed to protect him from attack. As his third claim, he maintains that the Defendants were deliberately indifferent to his serious medical needs after the attack.

Mr. Wilson fails to allege each Defendant's personal participation in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Wilson must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant, such as the Denver County sheriff or manager of safety, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

2

Mr. Wilson will be ordered to file an amended complaint in which he sues the proper Defendants and alleges specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations.  Mr. Wilson is reminded that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  Therefore, Mr. Wilson should name as Defendants in the amended complaint the individuals he believes actually violated his rights.

In addition, Mr. Wilson alleges that the Denver County Jail has a grievance procedure, and he includes copies of the claims he attempted to exhaust.  However, he alleges that he has not exhausted the available administrative remedies.  Moreover, only two of the claims he attempted to exhaust are the same as two of the claims, i.e., the second and third claims, he asserts in the instant action.  Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Wilson is a prisoner confined in a correctional facility.  The claims he asserts

3

relate to prison conditions. Therefore, he must exhaust the available administrative remedies as to each of his claims. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. Dec. 29, 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Wilson must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Therefore, Mr. Wilson either must attach copies of the administrative proceedings he exhausted or attempted to exhaust as to each of his claims asserted in the complaint, or describe the disposition of those administrative proceedings with specificity. He has failed to do either. Finally, 42 U.S.C. § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Wilson has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed. Accordingly, it is

ORDERED that Mr. Wilson file **within thirty (30) days from the date of this order** an original and a copy of a final amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Denver County Jail grievance procedure as to each of his asserted claims. It is

FURTHER ORDERED that the final amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

4

FURTHER ORDERED that the clerk of the Court mail to Mr. Wilson, together with a copy of this order, two copies of the following form for use in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Wilson submit sufficient copies of the amended complaint to serve each named Defendant.  It is

FURTHER ORDERED that, if Mr. Wilson fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this _3_ day of __October_____, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05–cv–01531-OES

Marvin G. Wilson, Jr.
Prisoner No. 1429124
Denver County Jail
PO Box 1108
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___10·3·05___

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk